Minute Order Form (06 97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 87 C 5112 / 88 C 9800 | **DATE** | 9/5/2002 |
| **CASE TITLE** | Harper, et. al vs. City of Chicago Heights, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Chicago Heights Park District's Motion to Vacate Fee Awards of March 26, 1999 and February 9, 2000

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Chicago Heights Park District's motion to vacate fee awards of March 26, 1999 and February 9, 2000 is DENIED [621-1]. Perkins and McCoy's fee award from the Chicago Heights Park District of March 29, 1999 is reduced to $ 29,038.50. Perkins and McCoy's fee award from the Chicago Heights Park District of February 9, 2000 remains unchanged.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 6 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | docketing deputy initials | 34 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RON HARPER, KEVIN PERKINS, WILLIAM ELLIOT and ROBERT McCOY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO HEIGHTS and the )<br>CHICAGO HEIGHTS ELECTION )<br>COMMISSION, )<br>)<br>Defendants. )<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* )<br>RON HARPER, KEVIN PERKINS, and )<br>WILLIAM ELLIOT, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHICAGO HEIGHTS PARK DISTRICT, et. )<br>al., )<br>)<br>Defendants. ) | No. 87 C 5112<br><br>HONORABLE DAVID H. COAR<br><br>CONSOLIDATED<br><br><br><br><br><br><br><br>No. 88 C 9800 |

DOCKETED
SEP 0 6 2002

## MEMORANDUM OPINION AND ORDER

Before this court is Defendant, Chicago Heights Park District's ("Park District"), motion to vacate the fee awards granted by this Court on March 26, 1999 and February 9, 2000. For the reasons set forth below, the Park District's motion is denied.

### Background

The facts and procedural history of this case are set forth in detail in previous opinions. See Harper v. City of Chicago Heights, 824 F. Supp. 786 (N.D Ill. 1993); Perkins v. City of

184

Chicago Heights, 47 F.3d 212 (7th Cir. 1995); Harper v. City of Chicago Heights, 1997 U.S. Dist. LEXIS 2509, 1997 WL 102543 (N.D. Ill. March 5, 1997). Thus, the Court will only briefly set forth the facts. The instant case originated in 1987 and 1988 when the plaintiff class filed complaints on behalf of African-American voters of Chicago Heights against the defendants City of Chicago Heights, the Chicago Heights Park District ("Park District"), and Stanley Kusper, the Clerk of Cook County. The plaintiffs alleged that the non-partisan, at large elections in Chicago Heights City Council and the Chicago Heights Park District Board violated Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1971 et seq., by diluting the opportunity of African-Americans to elect representatives of their choice. In May of 1994, Judge Hubert Will entered a consent decree in the case that created six single member districts and a "strong mayor" position. 1994 U.S. Dist LEXIS 8528, 1994 WL 362274 (N.D. Ill. June 23, 1994). On December 15, 1994, Judge Will entered an order that awarded Plaintiff's Class Counsel attorneys' fees and expenses pursuant to Section 14(e) of the Voting Rights Act and the Civil Rights Attorney's Fee Award Act, 42 U.S.C. § 1988. 1994 U.S. Dist. LEXIS 18047, 1994 WL 710782 (N.D. Ill. Dec. 15, 1994). The Plaintiff's Class Counsel was awarded $337, 777, 98, with the City responsible for $297,930.65 and the Park District responsible for $39,847.33. The Park District paid their portion of the award. On January 9, 1995, the Park District adopted, by resolution, the form of government contained in the consent decree.

Two of the class representatives, Kevin Perkins and Robert McCoy, appealed the consent decree. In February of 1995, the Seventh Circuit vacated the consent decree and thus vacated the fee award entered against the City. Perkins v. City of Chicago Heights, 47 F.3d 212 (7th Cir.

1995). On November 29, 1995, Judge Will again awarded the Plaintiffs' Class Counsel $297,930.65 and the City appealed.

This Court received the cases in 1996. On March 4, 1997, this Court issued an order that found the City's old at-large election commission of government violated Section 2 of the Voting Rights Act. 1997 U.S. Dist. LEXIS 2509, 1997 WL 102543 (N.D. Ill. Mar. 4, 1997). On May 28, 1998, this Court ordered the implementation of an at-large cumulative voting system of government. McCoy v. City of Chicago Heights, 6 F. Supp. 2d 973 (N.D. Ill. 1998). On March 26, 1999, this Court awarded attorneys' fees, costs and expenses of $55,665 to Plaintiffs' Class Counsel from the City of Chicago Heights. Perkins and McCoy's counsel was awarded $100,868.12 from the City of Chicago Heights and $91,935.63 from Chicago Heights Park District. 1999 U.S. Dist LEXIS 4210 (N.D. Ill. March 26, 1999). On April 21, 1999, this Court amended the order, increasing Class Counsel's award to $65,547.50. On February 9, 2000 this Court awarded fees in the amount of $11,065 to the attorneys representing Perkins and McCoy, for work done prosecuting their fee petition.

Both the City and the Park District filed appeals from the March 26, 1999, fee award, which also provided the basis for the February 9, 2000, award of attorneys' fees to Perkins and McCoy. They also appealed the remedy provided by this Court. On July 27, 2000, the Seventh Circuit affirmed this Court's holding that the current election method violates Section 2 as applied to the City but reversed this Court's finding of a Section 2 violation as applied to the Park District. Harper v. City of Chicago Heights, 223 F.3d 593 (7th Cir. 2000). The Seventh Circuit reversed this Court's cumulative voting remedy and remanded the case back to this Court to craft a suitable remedy. Id. Further, the Court affirmed this Court's award of attorneys' fees

to Perkins and McCoy from the City, but vacated and remanded the award of fees to Perkins and McCoy from the Park District to reconsider the amount. Id.

## Discussion

The Park District has filed a motion to vacate the fee awards of March 26, 1999 and February 9, 2000. The Park District argues that Perkins and McCoy are no longer prevailing parties because after the Seventh Circuit vacated the consent decree in February 1995, based on the lack of sufficient findings of a voting rights violation, Perkins and McCoy did not prevail on any aspect of their claims. Further, the Park District makes much of the fact that the Park District adopted, by resolution, the form of government contained in the consent decree. The Seventh Circuit, however, expressly stated:

> Perkins and McCoy are prevailing parties insofar as they succeeded in their goal of having vacated what they regarded as an ineffectual consent decree ... the six-district structure also affected the Park District, and the final judgment of this court vacated the entire decree, not just part of it.

Harper, 223 F.3d 593, 604 (7th Cir. 2000).

The Park District, however, insists on arguing that Perkins and McCoy are not entitled to any fees because they only prevailed on an interim matter in the litigation, but lost the case. See Krocka v. City of Chicago, 203 F.3d 507 (7th Cir. 2000). Further, the Park District maintains that Perkins and McCoy's success was unrelated to their efforts.[1] That is not an accurate characterization of the proceedings in this case. Perkins and McCoy succeeded in vacating the consent decree. The fact that the Park District later did by resolution what they could not do in

---

[1]The Park District made a similar argument in their original objections to Perkins and McCoy's fee petition, which this Court rejected. See Harper, 1999 U.S. Dist. LEXIS at *7 (explaining that Perkins and McCoy's counsel are prevailing parties because they played an instrumental role in the creation of the outcome).

-4-

court, does not diminish Perkins and McCoy's status as prevailing parties in the litigation. The Seventh Circuit did make mention of the fact that Perkins and McCoy did not appeal the portions of the consent decree relating to the Park District. However, the Seventh Circuit refused to find that the argument was waived and vacated the entire decree, not just the part relating to the City See Perkins, 47 F.3d 212, 218. The Court found that the same arguments for vacating the consent decree, as to the City, applied to the Park District. See id. Thus, it is disingenuous for the Park District to say that Perkins and McCoy's efforts had nothing to do with the consent decree being vacated. But for their appeal, the consent decree would still be in place. Therefore, the Court will award attorney's fees up to February 7, 1995, the date when the consent decree was vacated. Perkins and McCoy's activities after that date may have some value, but are unrelated to its success in getting the consent decree overturned.

The Park District next argues that if fees are to be granted, they should be reduced because they are not substantiated by contemporaneous time records, are improper, or duplicative. The Park District would like this Court to deny fees for the period of time prior to when Robert Anderson, Perkins and McCoy's attorney, made his representation known to the defendants. The Park District points out that attorney Anderson's fee petition sought fees dating back to March 22, 1994, Perkins and McCoy first filed appearances as dissenting plaintiffs on August 5, 1994, and attorney Anderson was added to the service list in January 1995. The Park District's argument appears to be that an attorney is not entitled to fees for work performed prior to being added to a service list. The Park District does not cite any precedent that would support its argument that an attorney should not receive fees for the time between the commencement of

work on the matter and being added to a service list. There is nothing in the record which would lead this Court to doubt the accuracy of those time entries.

Finally, the Park District argues that the fee petition is not properly documented because it is predominantly composed of reconstructed time records rather than contemporaneous time records. It is generally recognized that civil rights attorneys are under an obligation to keep contemporaneous time records to support a petition for fees. Vocca v. Playboy Hotel of Chicago, Inc., 686 F.2d 605, 608 (7th Cir. 1982). However, substantially reconstructed billing records may satisfy that obligation. Rybicki v. State Board of Elections, 584 F Supp. 849, 861 (N.D.Ill. 1984). What is important is that the records be adequate and detailed, not contemporaneous. Therefore, although casual after-the-fact estimates of time are clearly insufficient, National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982), the failure to keep contemporary records is not a per se reason for total denial of a fee award; to do so despite evidence of much work in this case would be punitive not only to plaintiff's counsel but to plaintiff.

This litigation has spanned over a decade and, as the 600 plus entries on the docket sheet reflects, was hard fought on both sides. Because the Park District is correct that Plaintiffs' petition for fees and costs is to some extent lacking in specificity, and because the movant bears the risk that the reconstruction may contain errors due to faulty memory and improper estimates, the court will reduce the total number of compensable hours by ten percent.

The Court will also strike the vague entries of 9/19/94, 9/21/94, 9/24/94, 9/25/94, 10/6/94, and 11/29/94, just as in the opinion of March 26, 1999 granting fees in this matter. The fee award of February 9, 2000 remains in tact. Thus, Perkins and McCoy's fee award of

$91,935.63 from the Park District is reduced to $ 29,038.50, which represents compensation for 143.4 hours of work from 9/10/94 to 2/7/95, excluding the vague entries and reduced by ten percent.

### Conclusion

For the foregoing reasons, the Chicago Heights Park District's motion to vacate fee awards of March 26, 1999 and February 9, 2000 is DENIED. Perkins and McCoy's fee award from the Chicago Heights Park District of March 29, 1999 is reduced to $ 29,038.50. Perkins and McCoy's fee award from the Chicago Heights Park District of February 9, 2000 remains unchanged.

Enter:

*David H. Coar*
David H. Coar
United States District Judge

Dated: September 5, 2002